```
 1
 2
 3
 4
 5
 6
 7
 8                         IN THE UNITED STATES DISTRICT COURT
 9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10  FELIX COLON,
11          Plaintiff,                    No. CIV S-11-2407 GGH P
12      vs.
13  R. MIRANDA, et al.,
14          Defendants.                   ORDER
15  _____/
```

16          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, proceeds with a

17  civil rights action pursuant to 42 U.S.C. § 1983. The case is before the undersigned pursuant to

18  plaintiff's consent. Doc. 6. On September 12, 2011, plaintiff filed a complaint and a motion for

19  a preliminary injunction. The court ordered the Attorney General to file briefing with respect to

20  the preliminary injunction even though no defendants had been served. Briefing was timely filed

21  and plaintiff has filed a response.

22                  Preliminary Injunction

23          "The proper legal standard for preliminary injunctive relief requires a party to

24  demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

25  in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

26  injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 374 (2008). The "serious questions" on the merits test survives, but requires an even clearer showing of irreparable harm and hardship if a preliminary injunction were not to be granted. Alliance for the Wild Rockies, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff states in his motion for injunctive relief that he was transferred to High Desert State Prison on November 18, 2009, and at that time plaintiff was being prescribed Tramadol to treat a spinal injury. Tramedol is a pain killer with addictive qualities similar to narcotics. Plaintiff states that a few weeks later he was taken off Tramadol and instead prescribed Tylenol. A little more than one year later, on January 11, 2011, plaintiff requested to be again prescribed Tramadol but this request was denied by defendants. Plaintiff states he is in a great deal of pain as a result.

The Chief Medical Executive of HDSP reviewed plaintiff's medical file and provided a declaration to the court. When plaintiff arrived at HDSP he received a medical examination and based on his range of motion, ability to walk without pain and an unremarkable back examination that indicated no spasms or deformities, plaintiff was prescribed ibuprofen and a non-steroidal anti-inflammatory. The examining physicians assistant also believed that plaintiff was exaggerating his pain.

Plaintiff was seen again on January 28, 2010, his range of motion was good and he was not experiencing significant pain and reported no pain during the exam. He did say he had chronic back pain but indicated that the pain did not radiate and at its worst his pain level was a 4 on a scale of 0 to 10. He was continued on ibuprofen.

\\\\

Plaintiff was seen again on April 15, 2010, and reported that his back pain had improved, and only rated a 3 on a 0 to 10 scale.  Plaintiff also refused physical therapy.  He was continued on ibuprofen and Tylenol as needed.

Plaintiff was seen again on May 28, 2010, where he complained of shoulder pain but stated his back pain had improved.  He was put on Naproxen Sodium in addition to Tylenol.  Plaintiff was seen on September 4, 2010, where he reported that his back pain was stable with no changes, and he was not experiencing radiating pain or numbness.  Plaintiff was seen by a nurse on January 1, 2011, and was scheduled to see a doctor on January 5, 2011, but there are no notes to confirm the appointment occurred.  Plaintiff took part in physical therapy for approximately one week in June 2011.  Plaintiff was observed to be walking well, but slowly, no impairment in his gait and he had no difficulty getting on and off the exam table.

Plaintiff had several other medical appointments and then on August 31, 2011, he requested Tramdol due to his back pain.  At that time, plaintiff's gait was normal, he was able to sit, turn and twist without distress.  Plaintiff has also been scheduled for an MRI which will occur within 90 days from when it was ordered, on September 21, 2011.

Plaintiff filed a response to the declaration from the Chief Medical Executive, but generally did not contest the information set forth, other than that the Chief Medical Executive states plaintiff refused a MRI in July 2011, but plaintiff states he was never called for it.

To the extent plaintiff argues that he was improperly removed from Tramadol and not provided it again for two years, the record before the court indicates that plaintiff was not in need of it and his back pain was being properly managed.  Based on the declaration from HDSP, plaintiff did not appear to have any significant medical problems with his back pain until August 31, 2011, and plaintiff does not refute this assertion.  In his motion plaintiff alleges that he suffered from immediate unnecessary pain when the Tramadol was discontinued around December 2009.  However, plaintiff did not file an appeal to be placed on Tramadol until a year later on January 11, 2011.

As a result, plaintiff has failed to demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief, as he has already been without Tramadol for two years and appears to be able to cope with the pain. In addition, plaintiff has not shown he is likely to succeed on the merits as his whole argument rests on his statements that he has been in severe pain for several years, which has been contradicted by his own statements to HDSP medical staff. While it is possible that plaintiff's back condition deteriorated in August 2011, plaintiff has failed to meet his burden in proving such.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a preliminary injunction (Doc. 2) is denied;

2. The Clerk of the Court is directed to send a copy of this order upon Monica Anderson, Supervising Deputy Attorney General and Chief Medical Executive Dorothy Swingle, High Desert State Prison, 475-750 Rice Canyon Road, P.O. 750, Susanville, CA 96127.

DATED: November 15, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
colo2407.pi2