IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELIX COLON,

       Plaintiff,                        No. 2:11-cv-2407 MCE GGH P

      vs.

R. MIRANDA, et al.,                <u>ORDER</u>

       Defendants.

_____/

      Plaintiff is proceeding pro se and in forma pauperis with an action brought pursuant to 42 U.S.C. 1983. Several defendants filed a motion to dismiss on March 8, 2012.[1] On April 2, 2012, plaintiff requested a 30 day extension to file an opposition which was granted, however that time passed and plaintiff did not file an opposition or otherwise communicate with the court. On June 6, 2012, the undersigned ordered that plaintiff file an opposition to the motions to dismiss within 14 days or else it would be recommended that this action be dismissed. Plaintiff did not file an opposition or otherwise communicate with the court so the undersigned recommended on July 10, 2012, that this action be dismissed. Objections were to be filed within fourteen days, however nothing was filed until August 10, 2012. On August 10, 2012, another prisoner filed objections and an opposition to the original motion to dismiss on behalf of plaintiff. The other prisoner states he has been helping plaintiff in litigating the current action,

---

[1] Another defendant was served on April 17, 2012, and also moved to dismiss this action on April 24, 2012, on the same grounds as the earlier filed motion.

1  but because they were transferred and placed in separate buildings it has been difficult.  The other

2  prisoner states he has been unable to have plaintiff review, sign and serve an opposition,

3  therefore the prisoner has submitted the filing on behalf of plaintiff.

4        Federal Rule of Civil Procedure 11(a) states:

> Signature.  Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented.  The paper must state the signer's address, e-mail address, and telephone number.  Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit.  The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention

      While plaintiff is proceeding pro se and his filings must be liberally construed and the undersigned is aware that jailhouse lawyers often aid prisoners, certain rules must be followed or else the entire legal process becomes nonsensical.  Plaintiff has not reviewed and cannot attest to the accuracy of the statements, claims and arguments in this filing, nor can the undersigned be certain that this other prisoner is truly representing plaintiff's best interests.  It is not clear if plaintiff even wishes to continue with this litigation as he has not communicated with the court since April 2, 2012, despite several requests from the court.  Therefore, the filing shall be stricken.  See Valiant-Bey v. Morris, 620 F. Supp. 903, 904 (E.D. Mo. 1985).

      Accordingly, IT IS HEREBY ORDERED that the August 10, 2012, filing (Doc. 35) is stricken from the record.

DATED: August 22, 2012

                            /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE

GGH:AB
colo2407.str